## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

TELCOM VENTURES LLC,

       Plaintiff,

v.

APPLE, INC.

       Defendant.

Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Telcom Ventures LLC ("Telcom" or "Plaintiff") hereby sues Apple, Inc. ("Apple" or "Defendant") for patent infringement and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, to obtain damages and any other appropriate relief resulting from Apple's unauthorized making, using, selling, offering for sale, and importing in or into the United States products, and associated methods, that infringe Telcom's patented innovations.

2.      Telcom is the owner of U.S. Patent Nos. 9,462,411 ("the '411 Patent"), 9,832,708 ("the '708 Patent"), 10,219,199 ("the '199 Patent"), 10,674,432 ("the '432 Patent"), 11,770,756 ("the '756 Patent"), 11,924,743 ("the '743 Patent"), 11,937,172 ("the '172 Patent"), and 12,028,793 ("the '793 Patent") (collectively, the "Asserted Patents"). As set forth herein, Apple infringes each of the Asserted Patents.

3.      Apple, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services, and encourages others to use its products and services in an infringing manner.

4.      Telcom seeks all appropriate remedies, including past and future damages and pre-judgment and post-judgment interest, for Apple's infringement of the Asserted Patents.

**THE PARTIES**

5.      Telcom is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located at 701 Brickell Ave., Suite 1700 Miami, FL 33131.

6.      Telcom is the owner of the entire right, title, and interest of the Asserted Patents including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement.

7.      Apple is a California corporation with its principal place of business at 1 Apple Park Way, Cupertino, CA 95014.

8.      Apple is responsible for the design, manufacture, and sale of smartphones, wearables, and other internet-enabled mobile devices along with mobile payment services that operate on cellular networks in the United States and around the world.

9.      Apple is and has been registered to do business in the State of Florida since at least 1982. Apple may be served in Florida via its registered agent, CT Corporation System, 1200 South Pine Island Road, #250, Plantation, Florida, 33324.

10.     Apple employs full-term personnel such as sales personnel in this District.

11.     Apple has authorized sellers and sales representatives that offer and sell products pertinent to this Complaint throughout the State of Florida, including in this District, and to

consumers throughout this District, such as: 701 S Miami Ave, Miami, FL 33130; 1021 Lincoln Rd, Miami Beach, FL 33139; 7535 Dadeland Mall, Miami, FL 33156; and 8888 SW 136th St, Miami, FL 33176; and 2388 E Sunrise Blvd., Fort Lauderdale, FL 33304.

## JURISDICTION AND VENUE

12.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.

13.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

14.     This Court has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts of infringement within this District giving rise to this action, is present in and transacts and conducts business in this District and the State of Florida, and transacts and conducts business with residents of this District and the State of Florida.

15.     Telcom's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Florida.

16.     Defendant has infringed the Asserted Patents within this District and the State of Florida by making, using, selling, offering for sale, and importing in or into this District and elsewhere in the State of Florida, products claimed by the Asserted Patents, including without limitation products made by practicing the claimed methods of the Asserted Patents. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products in or into this District and the State of Florida. Defendant regularly conducts and solicits business in, engages in

3

other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Florida.

17.     Defendant has minimum contacts with this forum as a result of business regularly conducted within this District and the State of Florida, and, on information and belief, specifically as a result of committing acts of patent infringement within this District and the State of Florida.

18.     This Court also has personal jurisdiction over Defendant because each does continuous and systematic business in this District, including by providing infringing products and services to the residents of this District that Defendant knew would be used within this District, performing and having residents of this District perform infringing methods within this District, and by soliciting business from the residents of this District.

19.     For example, Defendant is subject to personal jurisdiction in this Court because Defendant, itself and/or through agents, regularly solicits and transacts business in this District and has established places of business in this District. Accordingly, this Court's jurisdiction over Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from Defendant's purposeful minimum contacts with the State of Florida.

20.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## THE ASSERTED PATENTS

21.     On October 4, 2016, the '411 Patent, titled "MOBILE DEVICE MODE ENABLEMENT RESPONSIVE TO A PROXIMITY CRITERION" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '411 Patent is attached hereto as **Exhibit A**.

22.     The '411 Patent claims patent-eligible subject matter and is valid and enforceable.

23.     Telcom is the exclusive owner by assignment of all rights, title, and interest in the '411 Patent, including the right to bring this suit for damages and the right to sue and recover all past, present, and future damages for infringement of the '411 Patent.

24.     Defendant is not licensed to the '411 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '411 Patent.

25.     On November 28, 2017, the '708 Patent, titled "MOBILE DEVICE MODE ENABLEMENT RESPONSIVE TO A PROXIMITY CRITERION," was duly and legally issued by the USPTO. A true and correct copy of the '708 Patent is attached hereto as **Exhibit B**.

26.     The '708 Patent claims patent-eligible subject matter and is valid and enforceable.

27.     Telcom is the exclusive owner by assignment of all rights, title, and interest in the '708 Patent, including the right to bring this suit for injunctive relief and damages and the right to sue and recover all past, present, and future damages for infringement of the '708 Patent.

28.     Defendant is not licensed to the '708 Patent, either expressly or implicitly, nor does it enjoy the benefit from any rights in or to the '708 Patent.

29.     On February 26, 2019, the '199 Patent, titled "MOBILE DEVICE MODE ENABLEMENT RESPONSIVE TO A PROXIMITY CRITERION," was duly and legally issued by the USPTO. A true and correct copy of the '199 Patent is attached hereto as **Exhibit C**.

30.     The '199 Patent claims patent-eligible subject matter and is valid and enforceable.

31.     Telcom is the exclusive owner by assignment of all rights, title, and interest in the '199 Patent, including the right to bring this suit for injunctive relief and damages and the right to sue and recover all past, present, and future damages for infringement of the '199 Patent.

32.     Defendant is not licensed to the '199 Patent, either expressly or implicitly, nor does it enjoy the benefit from any rights in or to the '199 Patent.

33.    On June 2, 2020, the '432 Patent, titled "MOBILE DEVICE MODE ENABLEMENT RESPONSIVE TO A PROXIMITY CRITERION," was duly and legally issued by the USPTO. A true and correct copy of the '432 Patent is attached hereto as **Exhibit D**.

34.    The '432 Patent claims patent-eligible subject matter and is valid and enforceable.

35.    Telcom is the exclusive owner by assignment of all rights, title, and interest in the '432 Patent, including the right to bring this suit for injunctive relief and damages and the right to sue and recover all past, present, and future damages for infringement of the '432 Patent.

36.    Defendant is not licensed to the '432 Patent, either expressly or implicitly, nor does it enjoy the benefit from any rights in or to the '432 Patent.

37.    On September 26, 2023, the '756 Patent, titled "MOBILE DEVICE MODE ENABLEMENT/DISABLEMENT RESPONSIVE TO SENSING A PHYSIOLOGICAL PARAMETER," was duly and legally issued by the USPTO. A true and correct copy of the '756 Patent is attached hereto as **Exhibit E.**

38.    The '756 claims patent-eligible subject matter and is valid and enforceable.

39.    Telcom is the exclusive owner by assignment of all rights, title, and interest in the '172 Patent, including the right to bring this suit for injunctive relief and damages and the right to sue and recover all past, present, and future damages for infringement of the '756 Patent.

40.    Defendant is not licensed to the '756 Patent, either expressly or implicitly, nor does it enjoy the benefit from any rights in or to the '756 Patent.

41.    On March 5, 2024, the '743 Patent, titled "SYSTEMS/METHODS OF ESTABLISHING A CAPABILITY, AND USING THE CAPABILITY, TO EXECUTE FINANCIAL TRANSACTIONS BY A SMARTPHONE," was duly and legally issued by the USPTO. A true and correct copy of the '743 Patent is attached hereto as **Exhibit F**.

42.     The '743 Patent claims patent-eligible subject matter and is valid and enforceable.

43.     Telcom is the exclusive owner by assignment of all rights, title, and interest in the '743 Patent, including the right to bring this suit for injunctive relief and damages and the right to sue and recover all past, present, and future damages for infringement of the '743 Patent.

44.     Defendant is not licensed to the '743 Patent, either expressly or implicitly, nor does it enjoy the benefit from any rights in or to the '743 Patent.

45.     On March 19, 2024, the '172 Patent, titled "SYSTEMS/METHODS OF A TWO-STEP PROCESS IN ESTABLISHING A CAPABILITY, AND USING THE CAPABILITY, TO EXECUTE A FINANCIAL TRANSACTION BY A SMARTPHONE," was duly and legally issued by the USPTO. A true and correct copy of the '172 Patent is attached hereto as **Exhibit G**.

46.     The '172 Patent claims patent-eligible subject matter and is valid and enforceable.

47.     Telcom is the exclusive owner by assignment of all rights, title, and interest in the '172 Patent, including the right to bring this suit for injunctive relief and damages and the right to sue and recover all past, present, and future damages for infringement of the '172 Patent.

48.     Defendant is not licensed to the '172 Patent, either expressly or implicitly, nor does it enjoy the benefit from any rights in or to the '172 Patent.

49.     On July 2, 2024, the '793 Patent, titled "SYSTEMS/METHODS OF ESTABLISHING A CAPABILITY, AND THEN USING THE CAPABILITY, TO PERFORM A FINANCIAL TRANSACTION BY A SMARTPHONE," was duly and legally issued by the USPTO. A true and correct copy of the '793 Patent is attached hereto as **Exhibit H**.

50.     The '793 Patent claims patent-eligible subject matter and is valid and enforceable.

51.     Telcom is the exclusive owner by assignment of all rights, title, and interest in the '793 Patent, including the right to bring this suit for injunctive relief and damages and the right to sue and recover all past, present, and future damages for infringement of the '793 Patent.

52.     Defendant is not licensed to the '793 Patent, either expressly or implicitly, nor does it enjoy the benefit from any rights in or to the '793 Patent.

## THE ACCUSED PRODUCTS

53.     In or around October 20, 2014, Defendant launched "Apple Pay," a mobile payment service capable of facilitating payment via an Apple iPhone smartphone ("iPhone").[1]

54.     At least one way Apple Pay enables a user to make purchases is by using near-field communication (NFC) technology on equipped iPhones.

55.     NFC transmissions are short range transmissions and require devices to be in close proximity to one another to facilitate users to make secure transactions between two NFC-capable devices.[2]

56.     One method to conduct a financial transaction using an iPhone utilizes a biodata scanner integrated in the iPhone to sense physiological data such as a fingerprint or facial scan associated with a user of the iPhone to verify the identity of the user.

57.     After verification of the user, an Apple Pay equipped iPhone communicates with a payment terminal via NFC signaling to complete the transaction wirelessly when the iPhone is in range of the payment terminal.[3]

---

[1] *See* Apple, *Apple Announces Apple Pay*, https://www.apple.com/newsroom/2014/09/09Apple-Announces-Apple-Pay/ (last visited Oct. 2, 2024).
[2] *See* Apple, *Near-field communication (NFC) allows devices within a few centimeters of each other to exchange information wirelessly*, https://developer.apple.com/design/human-interface-guidelines/nfc (last visited Oct. 2, 2024).
[3] *See* Apple, *Pay the Apple way*, https://www.apple.com/apple-pay/ (last visited Oct. 2, 2024).

58.     Defendant manufactures, uses, tests, markets, offers for sale, sell, and/or imports into the United States iPhones that are enabled with Apple Pay for making secure electronic payments.[4]

59.     The term "Accused Products" as used herein refers to all products manufactured, used, tested, imported, sold, offered for sale, and imported by or on behalf of Defendant that embody the devices claimed by the Asserted Patents and all processes employed by Defendant that, whether directly or indirectly, practice the methods claimed by the Asserted Patents, including without limitation, Defendant's iPhones that support Apple Pay, and associated methods for using Apple Pay, including at least the following: iPhone 5 (including iPhone 5c), iPhone 6 (including iPhone 6s, 6 Plus, and 6s Plus), iPhone SE (including first, second, and third generations), iPhone 7 (including iPhone 7Plus), iPhone 8 (including iPhone 8 Plus), iPhone X (including iPhone XR, XS, and XS Max), iPhone 11 (including iPhone 11 Pro, and 11 Pro Max), iPhone 12 (including iPhone 12 Mini, 12 Pro, and 12 Pro Max); iPhone 13 (including iPhone 13 Mini, Pro, and Pro Max); iPhone 14 (including iPhone 13 Plus, Pro, and Pro Max); iPhone 15 (including iPhone 15 Plus, Pro, and Pro Max).

60.     On information and belief, Defendant has pre-loaded or made available via an over-the-air update or through the Apple application store ("App Store"), each of the above iPhones with Apple Pay, thus allowing its users to utilize the infringing functionalities of Apple Pay without a direct download from a user.

---

[4] *See, e.g.*, Apple, *The simplicity of Apple. In a credit card.*, https://www.apple.com/apple-card/ (last visited Oct. 2, 2024); Apple, *Devices compatible with Apple Pay*, https://support.apple.com/en-us/102896 (last visited Oct. 2, 2024).

## COUNT I
## (Patent Infringement of the '411 Patent)

61.     Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein

62.     Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents.

63.     For example, Defendant directly infringes at least claim 1 of the '411 Patent at least as shown in **Exhibit I** attached to this Complaint.

64.     Defendant has actual notice that the Accused Products infringe the '411 Patent at least as of the date of the filing of this Complaint.

65.     Plaintiff has complied with the requirements of the marking statute, 35 U.S.C. § 287.

66.     Defendant has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '411 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit I**.

67.     Defendant contributes to the direct infringement of at least claim 1 of the '411 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '411 Patent, a material part of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

68.     Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '411 Patent, Defendant supplies the technology that allows its customers to infringe the '411 Patent.

69.     On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '411 Patent), and Defendant has and will continue to encourage, aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '411 Patent.

70.     On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Products and instructs its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '411 Patent.

71.     On information and belief, Defendant's infringement of the '411 Patent has been willful at least as of Defendant's knowledge of the '411 Patent and Defendant's receipt of notice that the Accused Products infringe the '411 Patent.

**COUNT II**
**(Patent Infringement of the '708 Patent)**

72.     Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein.

73.     Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents.

74.     For example, Defendant directly infringes at least claim 1 of the '708 Patent at least as shown in **Exhibit J** attached to this Complaint.

75.     Defendant has actual notice that the Accused Products infringe the '708 Patent at least as of the date of the filing of this Complaint.

76.     Plaintiff has complied with the requirements of the marking statute, 35 U.S.C. § 287.

77.     Defendant has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '708 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit J**.

78.     Defendant contributes to the direct infringement of at least claim 1 of the '708 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '708 Patent, a material part of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

79.     Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '708 Patent, Defendant supplies the technology that allows its customers to infringe the '708 Patent.

80.     On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '708 Patent), and Defendant has and will continue to encourage, aid or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '708 Patent.

81.     On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures,

videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Products and instructs its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '708 Patent.

82.     On information and belief, Defendant's infringement of the '708 Patent has been willful at least as of Defendant's knowledge of the '708 Patent and Defendant's receipt of notice that the Accused Products infringe the '708 Patent.

### COUNT III
### (Patent Infringement of the '199 Patent)

83.     Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein.

84.     Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents.

85.     For example, Defendant directly infringes at least claim 1 of the '199 Patent at least as shown in **Exhibit K** attached to this Complaint.

86.     Defendant has actual notice that the Accused Products infringe the '199 Patent at least as of the date of the filing of this Complaint.

87.     Plaintiff has complied with the requirements of the marking statute, 35 U.S.C.§ 287.

88.     Defendant has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '199 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit K**.

89.     Defendant contributes to the direct infringement of at least claim 1 of the '199 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '199 Patent, a material part of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

90.     Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '199 Patent, Defendant supplies the technology that allows its customers to infringe the '199 Patent.

91.     On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '199 Patent), and Defendant has and will continue to encourage, air, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '199 Patent.

92.     On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Products and instructs its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '199 Patent.

93.     On information and belief, Defendant's infringement of the '199 Patent has been willful at least as of Defendant's knowledge of the '199 Patent and Defendant's receipt of notice that the Accused Products infringe the '199 Patent.

**COUNT IV**
**(Patent Infringement of the '432 Patent)**

94.     Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein.

95.     Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents.

96.     For example, Defendant directly infringes at least claim 1 of the '432 Patent at least as shown in **Exhibit L** attached to this Complaint.

97.     Defendant has actual notice that the Accused Products infringe the '432 Patent at least as of the date of the filing of this Complaint.

98.     Plaintiff has complied with the requirements of the marking statute, 35 U.S.C. § 287.

99.     Defendant has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '432 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit L**.

100.    Defendant contributes to the direct infringement of at least claim 1 of the '432 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '432 Patent, a material part of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

101.    Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '432 Patent, Defendant supplies the technology that allows its customers to infringe the '432 Patent.

102.    On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '432 Patent), and Defendant has and will continue to encourage,

15

aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '432 Patent.

103.     On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Products and instructs its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '432 Patent.

104.     On information and belief, Defendant's infringement of the '432 Patent has been willful at least as of Defendant's knowledge of the '432 Patent and Defendant's receipt of notice that the Accused Products infringe the '432 Patent.

## COUNT V
### (Patent Infringement of the '756 Patent)

105.     Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein.

106.     Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents.

107.     For example, Defendant directly infringes at least claim 1 of the '756 Patent at least as shown in **Exhibit M** attached to this Complaint.

108.     Defendant has actual notice that the Accused Products infringe the '756 Patent at least as of the date of the filing of this Complaint.

109.     Plaintiff has complied with the requirements of the marking statute, 35 U.S.C. § 287.

110.     Defendant has actively induced and continue to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers,

retailers, and/or end users to directly infringe the '756 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit M**.

111.    Defendant contributes to the direct infringement of at least claim 1 of the '756 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '756 Patent, a material part of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

112.    Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '756 Patent, Defendant supplies the technology that allows its customers to infringe the '756 Patent.

113.    On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '756 Patent), and Defendant has and will continue to encourage, aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '756 Patent.

114.    On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Products and instructs its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '756 Patent.

115.    On information and belief, Defendant's infringement of the '756 Patent has been willful at least as of Defendant's knowledge of the '756 Patent and Defendant's receipt of notice that the Accused Products infringe the '756 Patent.

## COUNT VI
## (Patent Infringement of the '743 Patent)

116.    Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein.

117.    Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents.

118.    For example, Defendant directly infringes at least claim 1 of the '743 Patent at least as shown in **Exhibit N** attached to this Complaint.

119.    Defendant has actual notice that the Accused Products infringe the '743 Patent at least as of the date of the filing of this Complaint.

120.    Plaintiff has complied with the requirements of the marking statute, 35 U.S.C. § 287.

121.    Defendant has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '743 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit N**.

122.    Defendant contributes to the direct infringement of at least claim 1 of the '743 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '743 Patent, a material part of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

123.    Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '743 Patent, Defendant supplies the technology that allows its customers to infringe the '743 Patent.

124.    On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '743 Patent), and Defendant hasand will continue to encourage, aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '743 Patent.

125.    On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Products and instructing its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '743 Patent.

126.    On information and belief, Defendant's infringement of the '743 Patent has been willful at least as of Defendant's knowledge of the '743 Patent and Defendant's receipt of notice that the Accused Products infringe the '743 Patent.

## COUNT VII
## (Patent Infringement of the '172 Patent)

127.    Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein.

128.    Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents.

129.    For example, Defendant directly infringes at least claim 1 of the '172 Patent at least as shown in **Exhibit O** attached to this Complaint.

130.    Defendant has actual notice that the Accused Products infringe the '172 Patent at least as of the date of the filing of this Complaint.

131.    Plaintiff has complied with the requirements of the marking statute, 35 U.S.C. § 287.

132.    Defendant has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '172 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit O**.

133.    Defendant contributes to the direct infringement of at least claim 1 of the '172 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '172 Patent, a material part of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

134.    Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '172 Patent, Defendant supplies the technology that allows its customers to infringe the '172 Patent.

135.    On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '172 Patent), and Defendant has and will continue to encourage, aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '172 Patent.

136.    On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to

purchase the Accused Products and instructs its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '172 Patent.

137.    On information and belief, Defendant's infringement of the '172 Patent has been willful at least as of Defendant's knowledge of the '172 Patent and Defendant's receipt of notice that the Accused Products infringe the '172 Patent.

### COUNT VIII
### (Patent Infringement of the '793 Patent)

138.    Plaintiff restates and realleges paragraphs 1-60 of this Complaint as if fully set forth herein.

139.    Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents.

140.    For example, Defendant directly infringes at least claim 1 of the '793 Patent at least as shown in **Exhibit P** attached to this Complaint.

141.    Defendant has actual notice that the Accused Products infringes the '793 Patent at least as of the date of the filing of this Complaint.

142.    Plaintiff has complied with the requirements of the marking statute, 35 U.S.C.§ 287.

143.    Defendant has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service, providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '793 Patent by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Products with knowledge and specific intent to cause that infringement as shown in **Exhibit P**.

144.    Defendant contributes to the direct infringement of at least claim 1 of the '793 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '793 Patent, a material part

of the claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

145.    Defendant contributes to its customers' and/or third parties' infringement because, with knowledge of the '793 Patent, Defendant supplies the technology that allows its customers to infringe the '793 Patent.

146.    On information and belief, Defendant has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to (at least) use the Accused Products (which are acts of direct infringement of the '793 Patent), and Defendant has and will continue to encourage, aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '793 Patent.

147.    On information and belief, Defendant provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Products and instructing its customers and/or third parties on how to use the Accused Products—which are acts of direct infringement of the '793 Patent.

148.    On information and belief, Defendant's infringement of the '793 Patent has been willful at least as of Defendant's knowledge of the '793 Patent and Defendant's receipt of notice that the Accused Products infringe the '793 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgment that Defendant has directly infringed and continue to directly infringe, literally, and/or under the doctrine of equivalents, each of the Asserted Patents;

B.      A judgment that Defendant has induced and continue to induce infringement of each of the Asserted Patents;

C.      A judgment that Defendant has contributorily infringed and continue to contributorily infringe each of the Asserted Patents;

D.      A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiff is therefore entitled to reasonable attorneys' fees, and an award to Plaintiff of all such reasonable attorneys' fees;

F.      A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on any awarded damages;

G.      A judgment and order awarding Plaintiff its costs associated with bringing this action;

H.      Any further relief as the Court deems just and equitable.

## **JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

DATED: October 4, 2024

*/s/ Jay B. Shapiro*

Jay B. Shapiro
Florida Bar No. 776361
jshapiro@stearnsweaver.com
Coral del Mar Lopez
Florida Bar No. 1022387
clopez@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone:  (305) 789-3200
Facsimile:  (305) 789-3395

*-and-*

Theodore Stevenson, III (TX 19196650) (PHV to be filed)
**Alston & Bird LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3507
Facsimile: (214) 922-3899
Email: ted.stevenson@alston.com

Kirk T. Bradley (NC 26490) (PHV to be filed)
Karlee N. Wroblewski (NC 55043) (PHV to be filed)
Mary I. Riolo (NC 59644) (PHV to be filed)
**Alston & Bird LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: mary.riolo@alston.com

***Counsel for Plaintiff Telcom Ventures LLC***