UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-23837-CIV-MARTINEZ

TELCOM VENTURES LLC,

    Plaintiff,

v.

APPLE INC.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S VENUE DISCOVERY MOTION

THIS CAUSE is before the Court upon Plaintiff Telecom Ventures LLC's ("Telecom") Motion for Venue Discovery ("Motion"), (ECF No. 44). The Court has considered the Motion, Defendant Apple Inc.'s ("Apple") Response, (ECF No. 47), Telecom's Reply, (ECF No. 48), and is otherwise fully advised in the premises. For the reasons stated herein, the Motion is **DENIED**.

On October 4, 2024, Telecom filed a Complaint against Apple, alleging infringement of eight U.S. Patents. (*See* ECF No. 1). In the Complaint, Telecom alleges that "[v]enue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b)." (*Id.* ¶ 20). On February 6, 2025, Apple filed a motion to transfer venue to the Northern District of California. (ECF No. 40). That motion remains pending before this Court. On February 13, 2025, Telecom filed the Motion that is now before the Court. (ECF No. 44). In the Motion, Telecom requests "an Order permitting Telcom to pursue limited venue-related discovery prior to this Court's resolution of Defendant Apple Inc.'s Motion to Transfer Venue." (Mot. at 1).

Venue in civil actions is generally governed by 28 U.S.C. § 1391. However, patent cases are also governed by 28 U.S.C. § 1400(b). Under § 1400(b), a plaintiff in a civil patent

infringement suit may properly file its complaint in either: (1) a district where the defendant resides; or (2) a district where the defendant has both engaged in infringing activity and has a "regular and established place of business." *See Pat. Holder LLC v. Lone Wolf Distribs., Inc.*, No. 17-23060-CIV, 2017 WL 5032989, at *4 (S.D. Fla. Nov. 1, 2017). "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). "[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). Whether to order venue-specific discovery lies within the broad discretion of the district court. *See Oppenheimer Fund*, 437 U.S. at 351, n.13.

This Court has not identified any Eleventh Circuit case that articulates a standard for venue-related discovery in a patent case. Some district courts have applied regional circuit law on jurisdictional discovery to venue discovery. *See, e.g., Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. 18-1043-LPS, 2019 WL 2502535, at *3–5 (D. Del. June 17, 2019); *NetSoc, LLC v. Chegg Inc.*, No. 18-CV-10262, 2019 WL 4857340, at *4 (S.D.N.Y. Oct. 2, 2019); *Lone Wolf Distribs.*, 2017 WL 5032989, at *4. Following that approach, "[a] plaintiff that requests discovery must set forth specific information that will establish that venue properly lies in this District. There must be a connection between the discovery sought and the question of proper venue." *Lone Wolf Distribs.*, 2017 WL 5032989, at *7 (citing *Utsey v. New Eng. Mut. Life Ins. Co.*, No. 07-0199-CIV, 2007 WL 1076703, at *2 (S.D. Ala. Apr. 9, 2007)) (cleaned up).

Telecom identifies three venue-related discovery topics: (1) the location of all Apple employees relevant to this case; (2) "identification of the witnesses relevant to this case"; and (3) whether and how the relevant documents can be accessed from Florida and what credentials

might be needed for such access. (Mot. at 5–8). Telecom argues that, "[i]n short, discovery is needed to investigate whether the Northern District of California is so much more convenient than this District that it justifies rejecting Telcom's choice of its home District for litigating this dispute against Apple." (Mot. at 7).

The Court finds that venue-related discovery is not appropriate here. Apple has already provided the information necessary to resolve its transfer motion, including declarations from six fact witnesses that set forth the identification and location of the relevant witnesses and the location of and access to relevant documents. (*See* ECF No. 40). Apple's declarations establish that none of the relevant witnesses are located within this District. (*See* ECF Nos. 40 and 42). Telecom does not assert how discovery into these witnesses would prove that this District is the proper venue. Apple's declarations also describe where relevant documents are stored, how they are accessed, and by whom. (*See id.*). Telecom does not explain how discovery into "whether and how the documents can be accessed from Florida and what credentials might be needed for such access" will establish that venue properly lies in this District, as Apple's declarations explain that these documents are not located within this District. (*See* Mot. at 6; ECF Nos. 40 and 42).

Telecom's attempts to discredit Apple's declarations do not persuade this Court that venue-related discovery is necessary. Telecom's criticisms of Catherine Spevak's declaration fail to include specific facts that would impact the Court's venue analysis. (*See* Mot.); *Lone Wolf Distribs.*, 2017 WL 5032989, at *6–8. Similarly, Telecom argues that these declarations follow Apple's "standard approach." (Mot. at 1). However, Telecom fails to allege any purported impropriety. (*See* Mot.). As Telecom fails to "request[] discovery [that] set[s] forth specific information that will establish that venue properly lies in this District," Telecom has not provided a valid basis for venue-related discovery. *Lone Wolf Distribs.*, 2017 WL 5032989, at *6–8; *see*

*also Blue Water Innovations, LLC v. Vevazz, LLC*, No. 6:20-cv-774-Orl-78DCI, 2020 WL 6828950, at *4 (S.D. Fla. Oct. 29, 2020).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Telecom's Motion, (ECF No. 44), is **DENIED**.

2. Telecom shall file its Response to Apple's Transfer Motion, (ECF No. 40), no later than twenty-one (21) days after the date of this Order.

3. Apple shall file its Reply to Apple's Transfer Motion no later than fourteen (14) days after Telecom files its Response.

**DONE AND ORDERED** in Chambers in Miami, Florida this 24 day of April 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record

4