# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

TELCOM VENTURES LLC,

     Plaintiff,

v.

APPLE, INC.,

     Defendant.

Case No. 1:24-cv-23837-JEM

**JURY TRIAL DEMANDED**

### PLAINTIFF TELCOM VENTURES LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT APPLE, INC.'S <u>MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)</u>

Jay B. Shapiro
Coral Del Mar Lopez
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130

-and-

Kirk T. Bradley
Karlee N. Wroblewski
Mary I. Riolo
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203

Theodore Stevenson, III
Jacob W. Young
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201

Katherine Rubschlager
ALSTON & BIRD LLP
55 Second Street, Suite 2100
San Francisco, CA 94105
*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

Table of Authorities ............................................................................................................... iii

I.     INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND ........................................................................................................ 3

     A.     Telcom Ventures Is Located in Miami. ................................................... 3

     B.     Apple Fails to Show That No Relevant Witnesses Reside in This District. ........... 4

     C.     Apple Fails to Show That No Documents Are Located in This District. ............... 4

     D.     Public Documents Show That, in Previous Motions to Transfer, Apple Relied on the Presence of Relevant Managers and Documents in This District ................................................................................................. 5

III.    APPLICABLE LEGAL STANDARDS ....................................................................... 6

IV.    THE PRIVATE AND PUBLIC INTEREST FACTORS DO NOT FAVOR TRANSFER 7

     A.     Private Interest Factors ......................................................................... 7

     i.     Convenience of the Witnesses .............................................................. 7

     ii.     Location of Relevant Documents and Relative Ease of Access to Sources of Proof ................................................................................................. 9

     iii.     Convenience of the Parties ................................................................. 10

     iv.     Locus of Operative Facts .................................................................. 11

     v.     Availability of Process to Compel Attendance of Unwilling Witnesses .............. 11

     vi.     Relative Means of the Parties .............................................................. 12

     B.     Public Interest Factors ....................................................................... 12

     i.     Forum's Familiarity with the Governing Law ......................................... 12

     ii.     Weight Accorded to the Plaintiff's Choice of Forum .............................. 12

     iii.     Trial Efficiency and the Interests of Justice Based on Court Congestion and the Local Interest in Having Localized Controversies Decided at Home .............................................................................................. 13

V.    CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,
   571 U.S. 49 (2013)...........................................................................................6

*Burger King Corp. v. Thomas*,
   755 F. Supp. 1026 (S.D. Fla. 1991) ...............................................................7, 10

*Cent. Money Mortg. Co. v. Holman*,
   122 F. Supp. 2d 1345 (M.D. Fla. 2000)...............................................................10

*CPC Pat. Techs. v. Apple Inc.*,
   No. 6:21-cv-00165-ADA (W.D. Tex. May 4, 2021) ...............................................2

*David's Dozer V-Loc Sys. v. Deere & Co.*,
   2024 WL 5102001 (S.D. Fla. May 30, 2024) .......................................................12

*Del Monte Fresh Produce Co. v. Dole Food Co.*,
   136 F. Supp. 2d 1271 (S.D. Fla. 2001) ...............................................................6, 7

*DH Int'l, Ltd. v. Apple, Inc.*,
   2024 WL 4119374 (W.D. Tex. Aug. 30, 2024).......................................................8

*Filtalert Corp. v. IBM*,
   2015 WL 9474640 (S.D. Fla. Dec. 29, 2015) ....................................................9, 10

*Fruitstone v. Spartan Race Inc.*,
   464 F. Supp. 1268 (S.D. Fla. 2020) ...................................................................10

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947)..........................................................................................1, 6

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009)...........................................................................8

*Koster v. Lumbermens Mut. Cas. Co.*,
   330 U.S. 518 (1947).........................................................................................1

*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) ...........................................................................6

*Mason v. Smithkline Beecham Clinical Labs.*,
   146 F. Supp. 2d 1355 (S.D. Fla. 2001) ...........................................................3, 10

*Microspherix LLC v. Biocompatibles, Inc.*,
   2012 WL 243764 (S.D. Fla. Jan. 25, 2012) .................................................................... passim

*MindbaseHQ LLC v. Google LLC*,
   2021 WL 1923142 (S.D. Fla. May 12, 2021) ...........................................................................12

*Miot v. Kechijian*,
   830 F. Supp. 1460 (S.D. Fla. 1993) ...................................................................................6, 7

*Operating Sys. Sols., LLC v. Apple Inc.*,
   2012 WL 12906518 (M.D. Fla. Jan. 30, 2012).........................................................................13

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981).........................................................................................................1, 11

*Poschmann v. Liberty Inn Motel, LLC*,
   2019 WL 13261831 (S.D. Fla. Jan. 23, 2019) (Martinez, J.) ........................................1, 6, 12

*Resonant Sys., Inc. v. Apple, Inc.*,
   2024 WL 4346391 (W.D. Tex. Apr. 18, 2024)..........................................................................2

*Robinson v. Giarmarco & Bill, P.C.*,
   74 F.3d 253 (11th Cir. 1996) ...................................................................................3, 6, 7, 12

*Scramoge Tech. Ltd. v. Apple Inc.*,
   2022 WL 1667561 (W.D. Tex. May 25, 2022) .....................................................................1, 2

*Steifel Labs., Inc. v. Galderma Labs., Inc.*,
   588 F. Supp. 2d 1336 (S.D. Fla. 2008) ...............................................................................3, 6, 7

*Trace-Wilco Inc. v. Symantec Corp.*,
   2009 WL 455432 (S.D. Fla. Feb. 23, 2009) ...........................................................................11

*Trafalgar Cap. Specialized Inv. Fund v. Hartman*,
   878 F. Supp. 2d 1274 (S.D. Fla. 2012) ...............................................................................11

*Tuuci Worldwide, LLC v. S. Frankford & Sons, Inc.*,
   2023 WL 5275187 (S.D. Fla. Aug. 16, 2023)............................................................... passim

*Wi-Lan USA, Inc. v. Apple, Inc.*,
   2013 WL 1343535 (S.D. Fla. Apr. 2, 2013) ....................................................................10, 11

*XR Communications v. Apple Inc.*,
   6:21-cv-00620-ADA (W.D. Tex. Sept. 9, 2022) ......................................................................2

**STATUTES**

28 U.S.C. § 1404(a) ..............................................................................................................1, 2, 6

## <u>RESPONSE TO APPLE'S REQUEST FOR HEARING</u>

As explained herein, Plaintiff Telcom Ventures LLC ("Plaintiff" or "Telcom Ventures") believes that Apple's motion fails to meet its burden to demonstrate that the Northern District of California is clearly more convenient than the Southern District of Florida to warrant transfer. Thus, Telcom Ventures does not believe a hearing on Apple's motion is needed. But if the Court were inclined to grant the motion or has questions that would help resolve the motion, then Telcom Ventures supports a hearing.

<u>**MEMORANDUM OF LAW IN OPPOSITION**</u>

**I.    INTRODUCTION**

The crux of Apple's motion is: Apple would prefer to litigate this case on its home turf rather than on Telcom Ventures' home turf. Presumably, Apple believes a San Francisco jury will be more sympathetic to Apple than a Miami jury. But Apple's wish is not the standard applied to Section 1404(a) transfer motions. "[A] 'plaintiff's choice of forum should rarely be disturbed.'" *Poschmann v. Liberty Inn Motel, LLC*, 2019 WL 13261831, at *3 (S.D. Fla. Jan. 23, 2019) (Martinez, J.) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). And as applies here, "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen [its] home forum." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

Apple regularly seeks to transfer patent infringement cases to the Northern District of California and typically supports such motions with declarations that use carefully crafted language and selective omissions to paint a misleading picture. *E.g.*, *Scramoge Tech. Ltd. v. Apple Inc.*, 2022 WL 1667561, at *2 (W.D. Tex. May 25, 2022) ("[Apple's declarant] frequently and repeatedly submitted unreliable and misleading declarations to this Court [regarding Apple's work on accused technologies]."). In line with past practices, Apple now provides a selective and scattershot list of 96 possible witnesses located in Canada, California, England, New York, North Carolina, Pennsylvania, Singapore, and the United Kingdom in support of their transfer request. But Apple fails to identify a single witness with material knowledge of the accused Apple Wallet and Apple Pay functionality, which is the accused technology at issue in this patent case. Notably, Apple's declarants "know of no Apple employee with relevant knowledge . . . in this District." Dkt. No. [40] at 3. These omissions are significant because Apple previously represented that work on certain features accused in this case *were performed in this District*. According to Apple in

1

2021, "[t]he groups within Apple that are responsible for the design, development, and engineering of the accused functionality of Touch ID, Face ID, and Apple Wallet are located in either Cupertino, California (NDCA); Prague, Czech Republic ('Prague'); or **Melbourne, Florida ('Melbourne')**." Ex. A at 3 (Apple's Motion to Transfer, *CPC Pat. Techs. v. Apple Inc.*, No. 6:21-cv-00165-ADA (W.D. Tex. May 4, 2021) (emphasis added).

Yet Apple's motion fails to acknowledge this fact. Instead, Apple selectively identifies individuals tangentially involved with the development and sale of the accused products located around the world, while conveniently omitting all of the Melbourne employees. This is not the first time Apple has used this tactic. Other courts have characterized Apple's filings in support of § 1404(a) transfer motions as:

- "unreliable and misleading" (*Scramoge*, 2022 WL 1667561, at *2);

- "us[ing] language that carefully limits the scope of declared facts to his personal, selectively fed knowledge" (*id.* at *3);

- "based on a deficient investigation" (*id.* at *4);

- "vague and generalized" (*Resonant Sys., Inc. v. Apple, Inc.*, 2024 WL 4346391, at *4 (W.D. Tex. Apr. 18, 2024));

- "lack[ing] personal knowledge" (*id.*);

- "serv[ing] as a mouthpiece for attorney argument" (Ex. B at 9 (Discovery and Scheduling Order, *XR Communications v. Apple Inc.*, 6:21-cv-00620-ADA (W.D. Tex. Sept. 9, 2022))); and

- "evad[ing] venue discovery and suppl[ying] questionable evidence" (*id.* at 7).

Apple's deceptive transfer tactics caused a district court in 2022 to write an opinion "exposing the offenses" in Apple's filings "so that other courts and administrative agencies can similarly discount [their] credibility." *Scramoge*, 2022 WL 1667561, at *4 n.3. That Court "noticed the pattern of [Apple Declarant] Mr. Rollins plainly declaring unqualified facts that support

2

transfer, but when he gives facts about topics that might weigh against transfer, his statements suddenly become limited to his personal knowledge." Ex. B at 10. Apple no longer relies on Mr. Rollins as its declarant in venue motions, but Apple's same tactics persist here.

Apple's selective identification of worldwide witnesses, carefully worded declarations, and omissions regarding documents and witnesses in this District and elsewhere does not come close to satisfying its "high" burden to overcome Telcom Ventures' choice to litigate in its home forum—this Court. *Tuuci Worldwide, LLC v. S. Frankford & Sons, Inc.*, 2023 WL 5275187, at *8 (S.D. Fla. Aug. 16, 2023). Nor has Apple met its burden of proving that the Northern District of California is clearly more convenient than this District. *See Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). Because transfer to the Northern District of California would "merely shift[] the inconvenience from one party to another, [Telcom Ventures'] choice of forum should remain." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1360 (S.D. Fla. 2001) (internal citations omitted).

## II.    BACKGROUND

### A.    Telcom Ventures Is Located in Miami.

Telcom Ventures has been a Miami-based, Florida company since 2006, well before Apple introduced its infringing Apple Pay technology in this District and nationwide. *See* Ex. C (Florida Certificate of Status).[1] Telcom Ventures maintains office space in Miami, less than two miles from this Court. Ex. D (2025 Report). Telcom Ventures' managers, Serge Martin and Rajendra Singh, currently live in this District. *See id*. Mr. Singh is also one of the named inventors on each of the

---

[1] Telcom Ventures is neither "dissolved" nor "inactive" as a Florida company. *See* Dkt. No. [40] at 1, 5. Telcom Ventures recently filed an annual report reaffirming its status as an active limited liability company in Florida. *See* Ex. C (Florida Certificate of Status).

Asserted Patents. The other named inventor, Peter Karabinis, currently lives in North Carolina, making this Court a preferred forum for this third-party witness. *See* Ex. E (Karabinis Declaration). Telcom Ventures filed its case in its home District—where its documents and principals are located, and where Apple has been registered to do business since 1982 and has full-time personnel and business operations. Dkt. No. [1], ¶¶ 9–11.

**B.   Apple Fails to Show That No Relevant Witnesses Reside in This District.**

Apple's motion to transfer is accompanied by declarations from individuals selected by Apple to support its preferred outcome, and each declaration uses intentionally specific language to create a misleading impression. Apple chose five individuals with allegedly relevant knowledge, all of whom state they are not based in the Southern District of Florida. Dkt. No. [40-5], ¶ 4; Dkt. No. [42-1], ¶¶ 5, 6; Dkt. No. [42-3], ¶ 4; Dkt. No. [42-4], ¶ 4; Dkt. No. [42-5], ¶ 4. And the sixth witness, Catherine Spevak, states that "[n]one of [her] team members work with any individuals located in Florida with respect to financials relevant to the accused products in this matter." Dkt. No. [42-2], ¶ 5. That declaration is limited to "financials relevant to accused products." None of these declarations state that Apple does not engage in research or development work in this District. Instead, the closest Apple comes is via the declaration of Mr. Bandyopadhyay, which states that he "*work[s] with* Apple Wallet and Apple Pay engineering teams." Dkt. No. [40-5], ¶ 3 (emphasis added). Apple seemingly understands that key witnesses from the Apple Wallet and Apple Pay engineering teams exist but intentionally chose not to submit declarations from the individuals on those teams.

**C.   Apple Fails to Show That No Documents Are Located in This District.**

As to the documents Apple identifies as relevant, five of Apple's declarations admit that "many" of the documents "are stored in shared locations" accessible electronically. Dkt. No. [40-5], ¶ 5; Dkt. No. [42-1], ¶ 6; Dkt. No. [42-3], ¶ 5; Dkt. No. [42-4], ¶ 5; Dkt No. [42-5], ¶ 5. The

sixth declaration, which is carefully limited to sales and financials documents, states that "[d]ata concerning sales and financial information for Apple's products that include Apple Pay and Apple Wallet as well as summary revenue information for Apple Pay are ***primarily*** located (a) on local computers in or around Cupertino, ***and/or*** (b) in data centers located in Arizona and North Carolina." Dkt. No. [42-2], ¶ 6 (emphasis added). Once again, none of these declarations elaborate on these averments, nor do they explain the qualified language chosen by Apple.

> **D.    Public Documents Show That, in Previous Motions to Transfer, Apple Relied on the Presence of Relevant Managers and Documents in This District.**

Apple's declarations are curious because they fail to address the fact that, as recently as 2021, in connection with motions to transfer in other cases filed in Texas, Apple affirmatively stated that employees in its Security Engineering and Architecture Team who worked on the accused Apple Pay technology were located *in this District—the Southern District of Florida*. *See* Ex. A at 3. One of the employees continues to identify himself as currently working in this District. *See* Ex. F (LinkedIn Profile). In addition, the LinkedIn pages for two Project Managers for the accused technology, Apple's "Readiness Project Manager for Apple Pay and Wallet" and Apple's "Technical Program Manager for Wallet, Payments, and Commerce," identify themselves as currently working in this District. *See* Exs. G, H (LinkedIn Profiles). Apple similarly represented that relevant documents, including working files, electronic documents, and hard copy documents related to "Touch ID, Face ID, and Apple Card loaded into the iPhone Wallet" are located or accessible in or around the Southern District of Florida. Ex. A at 3. It is Apple's burden to establish inconvenience, yet Apple's motion and supporting declarations fail to identify or acknowledge *any of these* employees or documents, which would clearly support maintaining the case in this District.

### III.    APPLICABLE LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013) ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.'"). Transfer should "only be granted where the balance of convenience of the parties *strongly* favors the defendant." *Steifel Labs.*, 588 F. Supp. 2d at 1339 (citing *Robinson*, 74 F.3d at 260) (emphasis in original). The burden of demonstrating that transfer is warranted is a high burden, as "a 'plaintiff's choice of forum should rarely be disturbed.'" *Poschmann*, 2019 WL 13261831, at *3 (quoting *Gulf Oil*, 330 U.S. at 508).

To prevail on its motion, Apple must establish that transfer is appropriate through "two inquiries: (1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001) (citing *Miot v. Kechijian*, 830 F. Supp. 1460, 1465–66 (S.D. Fla. 1993)). Under the second inquiry, a court may consider the following private and public interest factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Under the trial efficiency and interests of justice factor, courts consider other public interest factors including "administrative difficulties flowing from court congestion" and "the local interest in having

6

localized controversies decided at home." *Tuuci Worldwide*, 2023 WL 5275187, at *14 (internal citations omitted).

## IV.   THE PRIVATE AND PUBLIC INTEREST FACTORS DO NOT FAVOR TRANSFER

Telcom Ventures does not contest that the first inquiry—whether the action "might have been brought" in the Northern District of California—is met. *See* Dkt. No. [40] at 7–8. Thus, this Court need only analyze the second inquiry: "whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Del Monte*, 136 F. Supp. 2d at 1281 (citing *Miot*, 830 F. Supp. at 1465–66). At bottom, Apple has failed to meet its "high" burden. *Tuuci Worldwide*, 2023 WL 5275187, at *8. The private and public interest factors do not "*strongly favor*" transfer such that they override Telcom Ventures' choice to litigate in its home forum. *Steifel Labs.*, 588 F. Supp. 2d at 1339 (emphasis added) (citing *Robinson*, 74 F.3d at 260).

### A.  Private Interest Factors

#### i.   Convenience of the Witnesses

This factor weighs against transfer because relevant and material witnesses are present in this District, including *all* of Telcom Ventures' witnesses as well as Apple's material witnesses *omitted by Apple*. At best, a transfer "would merely shift inconvenience from defendant to plaintiff," which is insufficient to justify Apple's transfer request. *Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1030 (S.D. Fla. 1991).

All of Telcom Ventures' witnesses are located in this District. Ex. D (2025 Report). Raj Singh, one of the named inventors of the asserted patents and the Chairman and Chief Executive Officer of Telcom Ventures, and Serge Martin, the Executive Vice President of Telcom Ventures, both reside in this district. *See id.* Mr. Singh and Mr. Martin have knowledge related to the structure and ownership of Telcom Ventures, development of the patented inventions, the chain of title for

the patents-in-suit, any attempts to license, monetize, and enforce the patents, and the management of the patent portfolio. Further, Peter Karabinis, a co-inventor of the patents-in-suit and third-party witness, is located in North Carolina. Mr. Karabinis has committed to attending trial in this district, which is far more convenient for him than Apple's preferred District in California. *See* Ex. E (Karabinis Decl.) at 2. Mr. Karabinis has not committed to attending trial in California.

As described previously, while Apple provided declarations from employees related to Apple Pay, Apple did not provide *any* declaration from a member of the Apple Pay or Apple Wallet *engineering* teams. Apple's declarant Mr. Bandyopadhyay, a Software Development Engineer, asserts only that he "*work[s] with* Apple Wallet and Apple Pay engineering teams," confirming that while such teams exist, Apple did not provide a declaration from any member of those teams. Dkt. No. [40-5] ¶ 3.[2] Instead, Telcom Ventures identified members of the Apple Pay and Apple Wallet engineering teams that work *outside* the Northern District of California that Apple omitted from its motion, including individuals in Texas and Florida. *See DH Int'l, Ltd. v. Apple, Inc.*, 2024 WL 4119374, at *5 (W.D. Tex. Aug. 30, 2024) ("Apple has identified some employees who work on Apple Pay in Austin."); Ex. A at 3 (Melbourne); Exs. F, G, H (LinkedIn Profiles). Because other potential witnesses exist with more relevant and material information, the relevance and materiality of Apple's chosen witnesses should be discounted. *See In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (explaining that a district court should "assess the relevance and materiality of the information the witness[es] may provide" when analyzing this factor).

---

[2] Mr. Bandyopadhyay is located in San Diego—outside the Northern District of California. *See* Dkt. No. [40-5] ¶ 1. Moreover, his declaration merely states *where* his entire team is located rather than *which* team members would testify and *where those members* are located. *See id.* ¶ 4.

When considered alongside the fact that all of Telcom Ventures' witnesses are here (in Telcom Ventures' home District), the "convenience of the witnesses" factor favors denying transfer.

### ii. Location of Relevant Documents and Relative Ease of Access to Sources of Proof

The "location of documents" factor does not support transfer, and in the age of cloud storage of data, should be given minimal weight. As this Court has explained, "given that the electronic storage and transfer of documents between litigants has become the norm, many courts find that the location of relevant documents should be given little weight in the transfer analysis." *Filtalert Corp. v. IBM*, 2015 WL 9474640, at *3 (S.D. Fla. Dec. 29, 2015). This Court has at times even considered this inquiry "a non-factor" "absent a showing by the moving party to the contrary." *See, e.g.*, *Microspherix LLC v. Biocompatibles, Inc.*, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012).

As an initial matter, like Telcom Ventures' witnesses, all of Telcom Ventures' documents are located in this District. This favors maintaining Telcom Ventures' chosen forum. *See, e.g.*, *Tuuci Worldwide*, 2023 WL 5275187, at *11.

As for Apple's documents, Apple argues that "the overwhelming majority of Apple's sources of proof are in NDCA." Dkt. No. [40] at 11. Again, this carefully worded statement fails to acknowledge that one of its three development and engineering locations is in Melbourne. It defies logic that no relevant documents exist in Melbourne, which is presumably why Apple hedges its declaration with the words "overwhelming majority." In fact, Apple has admitted that certain "working files, electronic documents, and any hard copy documents" "reside on local computers and/or servers" that are "either located in or around" this District or "are accessible in" this District. Ex. A at Ex. B, ¶ 83. Further, there is no statement that the documents in this District

are insufficient or that the documents located elsewhere are non-cumulative of the documents located in Melbourne. Regardless, because most all of the pertinent documents are stored electronically, this factor "should be given little weight in the transfer analysis." *Filtalert*, 2015 WL 9474640, at *3. Apple's only argument about the purported inaccessibility of documents in this District is that the documents "are not accessible by any Apple employees" located here. Dkt. No. [40] at 11. But as stated above, Apple fails to explain the contradiction between this statement and Apple's previous declaration stating that documents are "either located in or around" or "are accessible in" this District. Ex. A at Ex. B, ¶ 83. Moreover, Apple does not indicate "that considerable document production will take place on computer terminals and not electronically," meaning the location of the document should receive little weight. *Wi-Lan USA, Inc. v. Apple, Inc.*, 2013 WL 1343535, at *3 (S.D. Fla. Apr. 2, 2013).

For these reasons, the location of relevant documents and the relative ease of access to sources of proof do not support a transfer. *See Microspherix*, 2012 WL 243764, at *3.

### iii.    Convenience of the Parties

This factor does not favor transfer because "[w]hatever weight the Court would have given to Defendant's interest in litigating near the location of its headquarters and warehouses is neutralized by Plaintiff's interest in litigating in its home State." *Tuuci Worldwide*, 2023 WL 5275187, at *11 (citing *Burger King*, 755 F. Supp. at 1030). In situations like the one here, "this factor is 'practically irrelevant to whether the motion to transfer should be granted.'" *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 1268, 1281 (S.D. Fla. 2020) (quoting *Cent. Money Mortg. Co. v. Holman*, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000)). As this Court has explained: "Where a transfer 'merely shift[s] the inconvenience from one party to another, Plaintiff's choice of forum should remain.'" *Mason*, 146 F. Supp. 2d at 1360 (internal citations omitted). Accordingly, this factor is neutral and does not support transfer. *See id.*

### iv.    Locus of Operative Facts

"In patent infringement actions, the preferred forum is 'that which is the center of gravity of the accused activity.'" *Microspherix*, 2012 WL 243764, at \*4 (quoting *Trace-Wilco Inc. v. Symantec Corp.*, 2009 WL 455432, at \*2 (S.D. Fla. Feb. 23, 2009)). This District is one of three centers of gravity for development of the accused features that Apple has identified: Melbourne, Cupertino, and Prague. Ex. B at 3. As for sales of the accused products, the accused activity occurs nationwide, including in this District. This Court has acknowledged that the center of gravity may extend beyond where "the allegedly infringing product was designed and manufactured, and from where marketing and sales decisions are made." *Microspherix*, 2012 WL 243764, at \*4 (citing *Trace-Wilco, Inc.*, 2009 WL 455432, at \*2). Indeed, one of the inventors of the patents lives in this District. *See* Ex. D (2025 Report). Further, Telcom Ventures' choice to litigate in its home forum shifts the analysis of this factor such that it does not support transfer. *See, e.g.*, *Piper Aircraft*, 454 U.S. at 255–56 (assigned greater deference "when the plaintiff has chosen [its] home forum").

### v.    Availability of Process to Compel Attendance of Unwilling Witnesses

This factor concerns situations where "important witnesses cannot be compelled to testify in the forum, but could be subpoenaed in the transferee court." *Tuuci Worldwide*, 2023 WL 5275187, at \*12 (quoting *Wi-LAN USA*, 2013 WL 1343535, at \*4). Importantly, "[t]o weigh in favor of transfer, it is not enough to say potential witnesses are outside the Court's subpoena power." *Id.* (citing *Trafalgar Cap. Specialized Inv. Fund v. Hartman*, 878 F. Supp. 2d 1274, 1287 (S.D. Fla. 2012)). "The movant must also show the witnesses would not willingly attend trial, and a deposition would be inadequate to present the witnesses' testimony." *Id.* (citing *Trafalgar Cap. Specialized Inv. Fund*, 878 F. Supp. 2d at 1287–88).

Apple has identified no unwilling witness that would be unavailable for trial in this District but would be subject to the Northern District of California's subpoena power. While Apple

identifies individuals within the Northern District of California's subpoena power (Dkt. No. [40] at 13), Apple controls these witnesses and cannot show that these witnesses would not attend trial, or that a deposition would be inadequate to present the witnesses' testimony. And Apple identified no third-party witness who may need to be compelled by the Northern District of California's subpoena power. Accordingly, this factor does not support transfer.

### vi.   Relative Means of the Parties

Apple contends that this factor is neutral. Dkt. No. [40] at 15. This factor favors Telcom Ventures. While both parties are corporations, *see David's Dozer V-Loc Sys. v. Deere & Co.*, 2024 WL 5102001, at *8 (S.D. Fla. May 30, 2024), that is where the similarities end. Telcom Ventures is a small company, and Apple is one of the largest and richest companies in the world with locations and employees worldwide, including in this District. *See* Ex. A at 3.

### B.   Public Interest Factors

### i.   Forum's Familiarity with the Governing Law

Telcom Ventures and Apple agree this factor is neutral, as "[a]ll federal courts are presumed to be equally familiar with patent law." *MindbaseHQ LLC v. Google LLC*, 2021 WL 1923142, at *6 (S.D. Fla. May 12, 2021); *see* Dkt. No. [40] at 18 (Apple stating that this factor is "neutral").

### ii.   Weight Accorded to the Plaintiff's Choice of Forum

This factor greatly favors denying transfer. This Court has repeatedly held that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Poschmann*, 2019 WL 13261831, at *3 (quoting *Robinson*, 74 F.3d at 260); *see also, e.g.*, *Operating Sys. Sols., LLC v. Apple Inc.*, 2012 WL 12906518, at *1 (M.D. Fla. Jan. 30, 2012). Apple has proved no other considerations that outweigh Telcom Ventures' choice.

### iii.   Trial Efficiency and the Interests of Justice Based on Court Congestion and the Local Interest in Having Localized Controversies Decided at Home

This factor weighs against transfer because (1) Florida has a local interest in this litigation and (2) this Court's docket is less congested than the docket of the Northern District of California.

First, "Florida has an interest in protecting its residents against tortious conduct, and there is a local interest in having localized controversies decided at home." *Tuuci Worldwide*, 2023 WL 5275187, at *14 (internal citation omitted). That maxim applies here. Telcom Ventures has maintained its presence in this District for nearly twenty years, demonstrating a strong local interest in protecting its rights in this District. Also, Apple sells its infringing iPhones in storefronts in this District and facilitates the infringement of Telcom Ventures' patents by users of the Apple Pay functionality in this District. Dkt No. [1], ¶¶ 12–20. As recently as 2021, Apple represented *in its own court filings* that it maintains office space in this District, which serves as the home office for both witnesses and documents relevant to the subject matter of this case. Ex. A at 3; Ex. I (Office Building Website) (identifying Apple as a tenant). While Apple may prefer a San Francisco jury, Florida and its residents have a strong interest in resolving this dispute.

Second, this Court has recognized that "[w]hile docket considerations are a 'minor consideration,' . . . 'speed generally is considered a good thing in federal courts.'" *Microspherix*, 2012 WL 243764, at *6 (internal citations omitted). This District has a far less congested docket and a much faster time to trial than the Northern District of California. For example, the Northern District of California has almost 13,000 cases pending. Ex. J at 9. This District, in contrast, has less than half the caseload. Ex. J at 11. The gap widens even further when considering civil cases more than three years old, as only 126 (or roughly 3%) of this District's civil caseload falls into that category. *Id.* But the Northern District of California has over 2,000 cases that are more than three years old, constituting about 20% of its civil caseload. *Id.* Still further, on a per-judge basis,

a judge in this Court has 324 pending cases while a judge in the Northern District of California has 924 pending cases. *Compare id.* at 11 *with id.* at 9. This District also proceeds to trial more than ten months faster than the Northern District of California. *Compare id.* at 11 (24.4 months) *with id.* at 9 (34.5 months). The median time to trial for patent cases similarly favors this District. *See* Ex. K, L (Lex Machina Statistics). Accordingly, this factor weighs against transfer. *See Microspherix*, 2012 WL 243764, at *6.

## V.    CONCLUSION

For the reasons shown, Telcom Ventures respectfully requests that the Court deny Apple's Motion to Transfer. Apple has failed to demonstrate that Telcom Ventures' choice to litigate in its forum in this Court is clearly outweighed by other considerations.

Dated: May 15, 2025                                       Respectfully submitted,

                                                          */s/ Jay B. Shapiro*
                                                          _____
                                                          Jay B. Shapiro
                                                          Florida Bar No. 776361
                                                          jshapiro@stearnsweaver.com
                                                          Coral del Mar Lopez
                                                          Florida Bar No. 1022387
                                                          clopez@stearnsweaver.com
                                                          STEARNS WEAVER MILLER WEISSLER
                                                          ALHADEFF & SITTERSON, P.A.
                                                          150 West Flagler Street, Suite 2200
                                                          Miami, FL 33130
                                                          Telephone: (305) 789-3200
                                                          Facsimile: (305) 789-3395

                                                          *-and-*

                                                          Theodore Stevenson, III (TX 19196650)
                                                          (admitted PHV)
                                                          Jacob W. Young (TX 24131943) (admitted PHV)
                                                          **Alston & Bird LLP**
                                                          2200 Ross Avenue, Suite 2300
                                                          Dallas, TX 75201
                                                          Telephone: (214) 922-3507

Facsimile: (214) 922-3899
Email: ted.stevenson@alston.com
Email: jacob.young@alston.com

Kirk T. Bradley (NC 26490) (admitted PHV)
Karlee N. Wroblewski (NC 55043) (admitted
PHV)
Mary I. Riolo (NC 59644) (admitted PHV)
**Alston & Bird LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: mary.riolo@alston.com

Katherine Rubschlager
**Alston & Bird LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Email: katherine.rubschlager@alston.com

*Counsel for Plaintiff Telcom Ventures LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 15, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated: May 15, 2025                          */s/ Jay B. Shapiro*
                                             Jay B. Shapiro

**<u>SERVICE LIST</u>**

Lynnette Cortes Mhatre
Lash Goldberg Fineberg LLP
2500 Weston Road
Ste 220
Weston, FL 33331
305-347-4040
Email: lmhatre@lashgoldberg.com

Martin B. Goldberg
Lash Goldberg Fineberg LLP
100 SE 2nd Street
Suite 1200
Miami, FL 33131-2100
305-347-4040
Email: mgoldberg@lashgoldberg.com

Cosmin Maier
John M. Desmarais
Lindsey E. Miller
Peter C. Magic
Desmarais LLP
230 Park Ave., 26th Floor
New York, NY 10169
(212) 351-5493
Email: cmaier@desmaraisllp.com
       jdesmarais@desmaraisllp.com
       lmiller@desmaraisllp.com
       pmagic@desmaraisllp.com